**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1331
_____

MOZAMMAL HOQUE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.:  A073-048-883)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2014

Before:  RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Opinion filed: July 17, 2014)
_____

O P I N I O N
_____

PER CURIAM

Mozammal Hoque petitions for review of the Board of Immigration Appeals'

("BIA") decision declining to reopen his removal proceedings sua sponte.  For the

reasons that follow, we will dismiss the petition in part and deny it in part.

1

## I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. Hoque is a citizen of Bangladesh who entered the United States in 1993. Removal proceedings were initiated against him in 1999, but those proceedings were administratively closed in 2003. In 2011, the Department of Homeland Security ("DHS") successfully moved to recalendar the proceedings and change venue from New York, New York, to York, Pennsylvania. DHS then filed an additional charge of removability — the original charge was for being present in the United States without having been admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i) — asserting that he had been convicted of a crime involving moral turpitude, see 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Hoque conceded the original charge of removability and the Immigration Judge ("IJ") sustained the added charge. Hoque then applied for asylum, withholding of removal, and relief under the Convention Against Torture. The IJ denied that application and the BIA dismissed his appeal. Hoque did not petition for review of that dismissal.

Thereafter, in July 2013, Hoque married Zarzina Tanvir, a lawful permanent resident of the United States and the mother of his two United States citizen children. The following month, Tanvir filed an I-130 Petition for Alien Relative on Hoque's behalf with United States Citizenship and Immigration Services. With that petition pending, Hoque moved the BIA to reopen his removal proceedings so that he could seek adjustment of status. On January 16, 2014, the BIA denied the motion, concluding that it was untimely, and "declin[ing] to exercise [its] discretionary authority to reopen and

2

remand or terminate these proceedings *sua sponte*." (A.R. at 3.) In reaching this conclusion, the BIA noted that Hoque did not appear to be prima facie eligible for adjustment of status because the IJ's finding that Hoque had been convicted of a crime involving moral turpitude rendered him inadmissible to the United States. The BIA continued:

> And even if [Hoque] is not so inadmissible, or is eligible for a waiver of such inadmissibility, becoming eligible or potentially eligible for relief after a final administrative order has been entered is common and does not, in itself, constitute an exceptional circumstance warranting consideration of an untimely motion to reopen. While we acknowledge that [Hoque's] removal to Bangladesh may result in hardship to his lawful permanent resident spouse and two United States citizen children, we do not find exceptional circumstances in this case that would warrant *sua sponte* reopening of these proceedings.

(Id.)

Hoque now seeks review of the BIA's denial of sua sponte reopening. The Government argues that this denial is unreviewable and that the petition for review should be dismissed for lack of jurisdiction.

## II.

Because a motion for sua sponte reopening is "committed to the unfettered discretion of the BIA," Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011), we generally lack jurisdiction to review the BIA's denial of such a motion, id. at 160. That said, "we may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise." Id. We also have jurisdiction to review constitutional claims. See 8 U.S.C. § 1252(a)(2)(D).

3

Here, Hoque argues that the BIA "made a fundamental misapprehension of law" when it concluded that he did not appear to be prima facie eligible for adjustment of status. (Pet'r's Br. 12.) He also claims that the BIA "did not fully consider the record as a whole." (Id. at 13.) If the BIA's denial of sua sponte reopening had hinged on its legal determination about Hoque's eligibility for adjustment of status, we would have jurisdiction to review that denial. See Pllumi, 642 F.3d at 160. But that was not actually the case. The BIA made it clear that, *regardless* of whether he was eligible for adjustment of status, there were no exceptional circumstances warranting sua sponte reopening of his case. In reaching this conclusion, the BIA did not rely on a legal premise or articulate some meaningful standard; rather, we read its opinion as simply exercising its unfettered discretion. We lack jurisdiction over that exercise of discretion. See id. at 159. Although we retain jurisdiction over Hoque's argument that the BIA failed to consider the entire record — at least to the extent that this argument presents a due process challenge — there is no indication that the BIA actually failed to consider the entire record in making its decision. Hoque focuses on the BIA's use of the phrase "[a]nd even if," but we are at a loss as to how that demonstrates that the BIA failed to consider the entire record.

In light of the above, we will dismiss the petition in part and deny it in part.

4